The State v. Hamilton.

THE STATE v. HAMILTON.

1. Instruction: PRACTICE. The objection that an instruction fails to present the law fully, will not be considered where it does not appear that all of the instructions are embodied in the record.

2. —— So of the objection that the instructions are inapplicable to the facts when all of the evidence is not contained in the transcript.

3. Evidence: IMPEACHMENT. The declarations of one not a party to the record are admissible for the purpose of impeachment only; and before they can be shown for this purpose, the attention of the witness must have been called to the time, place and circumstances of the supposed contradiction.

4. —— PRACTICE: OBJECTIONS TO EVIDENCE. A party cannot, even in a criminal case, be heard on appeal for the first time to make objections to testimony.

*Appeal from Madison District Court.*

FRIDAY, DECEMBER 8.

INDICTMENT for larceny of a horse. Trial and verdict of guilty. The defendant appeals. The necessary facts are stated in the opinion.

*John Leonard* for the appellant.

*H. O'Connor*, Attorney-General, for the State.

DAY, Ch. J.—Upon the trial the court gave the jury the following instructions:

1st. The defendant is accused of the crime of larceny. He is presumed to be innocent. If he is not proved guilty he should be acquitted. You should not acquit the defendant on account of doubts, unless they are reasonable and well founded.

2d. If you find, from the evidence, that the defendant, in Madison county, Iowa, on or about the 27th day of September, 1870, did feloniously steal and take away from the said W. H. Reel the said property, as charged in the indictment, you will find him guilty.

3d. If you find, from the evidence, that the defendant purchased the said horse of said Reel, and that he went into defendant's possession in pursuance of such purchase, without said Reel retaining any ownership of him, he will not be guilty of larceny, and must be acquitted.

4th. If you find, from the evidence, that the defendant obtained possession of said horse from the said Reel, on a false and fraudulent pretense of buying him, and then conveyed him away without the consent of said Reel, or without his knowledge that he was going to be conveyed away, and if you further find, from all the evidence, that the defendant obtained said horse with a felonious intent, an intent to steal said horse, he will be guilty as charged, and in that case you will convict him.

5th. As to whether or not the defendant obtained possession of said horse with a felonious intent, you will consider all the evidence in the case touching that point; such as what was said by the defendant, and what representations he made when he got the horse, what his conduct was and where he went, and what he did with the horse after he got him.

I. These instructions are principally objected to not for what they *do,* but for what they *do not,* contain. Appellant insists that it is the duty of the court before whom a criminal cause for a high offense is being tried, whether requested by counsel or not, to point out to the jury the controverted questions of fact, and to see that the law applicable thereto is given to the jury in proper instructions; and that when this is not done, and it is doubtful whether the verdict effectuates justice, a new trial will be awarded, citing *State* v. *Brainard,* 25 Iowa, 572; *Owen* v. *Owen,* 22 id. 270. If it should be conceded that these instructions are lacking in explicitness, yet there are two reasons why this case, for that cause, cannot be reversed: First, we do not know that the abstract submitted contains *all* the instructions. For aught that affirmatively appears, the court may have given other instructions, fully presenting every phase of the case. Second, we have not all the testimony before us, and cannot say that the verdict does not effectuate justice.

*1. INSTRUC-TION: prac-tice.*

II. It is objected that the fifth instruction, and the first part of the fourth instruction are not applicable to the evidence in the case. As the abstract presented does not purport to contain all the evidence, but is rather a statement of appellant's inferences from the testimony, we are unable to say that this objection is well taken. And the same remark is applicable to the objection that the verdict is not supported by sufficient evidence.

III. The court rejected the evidence of Baxter as to the declaration of Reel, the prosecuting witness, in regard to the ownership of the horse. This evidence was ruled out on the ground that Reel's attention had not been called to the conversation of which Baxter was cognizant, and he had not been questioned in regard to it. This ruling was right. The declaration of one not a party to the record is admissible only for the

*3. EVIDENCE: impeachment.*

purpose of impeachment, and before such declaration can be introduced the attention of the witness must be directed to the time, place, and circumstances of the supposed contradiction. 1 Greenleaf on Evidence, § 462.

IV. There was some testimony introduced relative to a negotiation of the sale of the horse in question to defend-

4.—— practice : objections to evidence.

ant, and to the renting by defendant of a farm to the prosecuting witness, Reel. Wright and Scott testify that " about the time of this contract in relation to the horse, defendant made a written contract renting to Reel a farm three miles south of Des Moines, which he did not own." Reel testifies that " it was by way of inducement for me to take the farm that defendant agreed to take the horse." It is claimed that this testimony is irrelevant and immaterial, and that the portion of it respecting the ownership of the farm is incompetent. It does not appear that any objection was made to the introduction of this testimony. A party cannot, even in a criminal case, allow illegal testimony to be given to the jury without objection, and afterward make its introduction a ground for reversal. See *The State* v. *Polson*, 29 Iowa, 133, and cases cited.

We discover no error in the record.

Affirmed.